IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association, | ) ) ) | |
| Plaintiff, | ) ) | 2:07-cv-01818-GEB-DAD |
| v. | ) ) | <u>DISMISSAL ORDER</u> |
| BLUE SHIELD OF CALIFORNIA LIFE AND HEALTH INSURANCE COMPANY, a California Corporation, et. al., | ) ) ) ) | |
| Defendants. | ) ) | |

        On February 5, 2009, Plaintiff and Defendant Lee Jackson ("Jackson") filed a Stipulated Judgment ("February 5 Stipulation") in which they include a signature block for the United States Magistrate Judge who is assigned this case with the undersigned district judge. This signature block is preceded by the statement: "IT IS SO ORDERED AND ADJUDGED." The February 5 Stipulation was recently brought to the undersigned judge's attention.

        Although Plaintiff and Jackson presume a federal judge will sign the February 5 Stipulation, which is their settlement agreement, it has not been shown that exercising jurisdiction over the February 5 Stipulation is "essential to the conduct of federal-court business." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381 (1994). "The settlement is just [a] contract to be enforced in the usual

way . . ." unless the federal court exercises jurisdiction over it. Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002). "The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court unless the parties are of diverse citizenship and the injury exceeds $75,000." Kay v. Board of Educ. of City of Chicago, 547 F.3d 736, 737 (7th Cir. 2008). Generally, a federal question claim is "extinguished by the settlement and converted . . . into a claim under a contract." Id. at 739.

Since named defendants other than Jackson are involved in this case, findings would have to be made under Federal Rule of Civil Procedure 54 (b) to justify the partial judgment reflected in the February 5 Stipulation, in which these settling parties request entry of a "Stipulated Judgment." However, in light of the content of the February 5 Stipulation, it is apparent that Plaintiff and Jackson were not waiting for the Court to approve the February 5 Stipulation before their agreement became effective, since the February 5 Stipulation obligated Jackson to pay Plaintiff $17,000.00 "no later February 6, 2009."

Further, the February 5 Stipulation references a "separate settlement agreement entered into between [Plaintiff and Jackson]" under which the payments required in the February 5 Stipulation are also to be made. The following statement in the February 5 Stipulation discusses the separate settlement agreement: "Payment to be made under terms of the separate settlement agreement entered into between [Plaintiff] and Mr. Jackson, for which this stipulated judgment is further, separate, and additional consideration." February 5 Stipulation at 4. It is unclear whether the referenced

2

"separate settlement agreement", which has not been shown to the Court, is intended to be incorporated by reference into the February 5 Stipulation.  Certainly, the Court will not exercise jurisdiction over terms of a settlement agreement it has not seen.

"Moreover, the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court."  <u>Arata v. Nu Skin Int'l, Inc.</u>, 96 F.3d 1265, 1269 (9th Cir. 1996)(stating "the district court was under no obligation to . . . retain continuing jurisdiction over [settlement] agreements.").  "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it." <u>Collins v. Thompson</u>, 8 F.3d 657, 659 (9th Cir.1993), cert. denied, 511 U.S. 1127(1984).  The Court will not exercise jurisdiction over the February 5 Stipulation.

Further, since Plaintiff and Jackson, have settled Plaintiff's claims against Jackson, Plaintiff's claims against Jackson will be dismissed even though Plaintiff and Jackson have not literally complied with a stipulation for dismissal under Federal Rule of Civil Procedure 41(a)(2).  This dismissal order will issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent."  <u>Garber v. Chicago Mercantile Exchange</u>,570 F.3d 1361, 1366 (Fed. Cir. 2009)(internal citation and quotations omitted); <u>see also</u> <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 195 (5th Cir. 1980) (stating "[n]or are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the
//
//
//

[the parties]," in the situation where it is obvious that is what the parties intended). Since Plaintiff and Jackson have settled Plaintiff's claims against Jackson, those claims are dismissed.

Dated:  October 15, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge